IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JL,                                    )
                                       )
        v.                             )          Case No. 1:16-cv-583-GBL-JFA
                                       )
INDIA WILEA MITCHELL, *et al.*         )
                                       )
        Defendant.                     )

## MEMORANDUM OPINION & ORDER

THIS MATTER is before the Court on Defendant County of Loudoun's ("the County")
Motion to Dismiss (Doc. 11) and Defendants Metropolitan Washington Airports Authority, India
Wilea Mitchell, and Paul John Solo's Motion to Dismiss ("MWAA") (Doc. 14) . A hearing on these
motions was held on August 12, 2016.  In the present action brought under 42 U.S.C. § 1983,
Plaintiff J.L., *pro se*, alleges violations of his constitutional rights arising from the failure of
Defendants to arrest or prosecute an assailant who allegedly committed a sexual battery against
Plaintiff at Dulles Airport. The issue before the Court is whether Plaintiff's claims that Defendants
violated his constitutional or other rights survive scrutiny under Federal Rule of Civil Procedure
12(b)(6) for failure to state a claim. The Court GRANTS Defendant County of Loudoun's Motion to
Dismiss (Doc. 11) and GRANTS Defendants Metropolitan Washington Airports Authority, India
Wilea Mitchell, and Paul John Solo's Motion to Dismiss (Doc. 14), because Plaintiff does not have a
legally cognizable right to compel government officials to arrest or prosecute another person; thus,
Defendants claim arising from the failure to arrest and prosecute the alleged assailant in the present
case does not set forth a claim for which relief can be granted. In addition, the Court GRANTS the
motion because Defendants are entitled to qualified immunity because there are no clearly
established constitutional rights violated and because Plaintiff fails to plead the existence of an

official custom or policy that deprives him of the rights claimed. Accordingly, the Court GRANTS Defendants' motions to dismiss (Docs. 11, 14), and Plaintiff's claim is DISMISSED with prejudice.

## I. BACKGROUND

This case arises from an an incident in which Plaintiff was allegedly subjected to an "aggravated sexual battery" by a Transportation Security Administration ("TSA") employee during a pat down at a security checkpoint at Washington Dulles International Airport on March 10, 2016. As a result of Plaintiff's allegation, Metropolitan Washington Airports Authority Police India Wilea Mitchell ("Mitchell") and Paul John Solo ("Solo") responded to the scene. After conducting an investigation, the Officers Mitchell and Solo concluded no crime had been committed and did not arrest the alleged assailant. At some point during the incident Plaintiff made a citizen's arrest on the TSA agent and either demanded or requested Defendants take the TSA agent into custody, a request they declined. Plaintiff pressed his complaint with MWAA officers and management, as well as the Loudoun County Magistrate office, and Loudoun County Commonwealth's Attorney's Office, seeking the accused to be remanded to MWAA police custody and for a hearing to be conducted with a Magistrate for probable cause. Defendants refused Plaintiff's request, and no criminal charges were brought against the individual accused by Plaintiff.

On May 26, 2016, Plaintiff filed a Complaint (Doc. 1) in this Court against Defendants MWAA, the County of Loudoun, Mitchell, and Solo, alleging a violation of his rights under 42 U.S.C. § 1983. Plaintiff alleges that the decisions of MWAA police not to arrest the individual, of a Magistrate for not issuing a summons, and of attorneys in the Office of the Commonwealth's Attorney not prosecute the individual, violated his constitutional rights under the Fourth and Fourteenth Amendments. The Complaint alleges that "officials" of the County of Loudoun committed acts under the color of state law, with deliberate indifference and recklessness, to deny his

2

statutory rights of prosecution of criminal behavior and that all Defendants "poisoned the well" to make prosecution of the alleged perpetrator of the sexual battery difficult or impossible. Complaint, ¶ 4. Plaintiff alleges that "all defendants had a role in hindering or blocking petitioner from exercising his rights to request and pursue criminal prosecution under the law." *Id.*, ¶ 6. Plaintiff further claims "deliberate actions attributable to the municipality" that led to violations of Plaintiff's "rights of prosecution." *Id.*, ¶ 7. Plaintiff alleges "Loudon County act[ed] in their official capacities" and refers to Defendants' "affirmative actions," but fails to specify any County official or what actions were taken by an official of the County. *Id.*, ¶ 8. No officials or employees of the County are named in the Complaint. Plaintiff further complains of prosecutors refusal to "accept criminal complaints, or to investigate them," as well as acts by MWAA officers and Magistrates in Loudoun County that violated his constitutional rights. *Id.*, ¶ 9-10.

On June 13, 2016, the County of Loudoun filed a Motion to Dismiss for failure to state a claim under Rule 12(b)(6) (Doc. 11), and on June 22, 2016, Defendants Mitchell, Solo, and MWAA also filed a Motion to Dismiss under Rule 12(b)(6). (Doc. 14). Plaintiff subsequently filed an Amended Complaint on July 14, 2016. (Doc. 53). On July 26, 2016, the Court issued an Order (Doc. 79) granting Plaintiff's Motion to Amend (Doc. 51) and stated that Defendants' Motions to Dismiss that were previously filed are deemed responsive pleadings for the Amended Complaint. Defendants' Motions to Dismiss are now properly before the Court.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) should be granted unless the complaint "states a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679

3

(2009)).  In considering a rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor.  *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).  No such assumption of truth is afforded to those "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement."  *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citations omitted).  Nor is the court obligated to assume the veracity of the legal conclusions drawn from the facts alleged.  *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (citing *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979)).  Thus, the court's review involves the separation of factual allegations from legal conclusions.  *Burnette v. Fahey*, 698 F.3d 171, 180 (4th Cir. 2012).

The complaint must contain sufficient factual allegations, taken as true, "to raise a right to relief above the speculative level" and "nudge [the] claims across the line from conceivable to plausible."  *Vitol*, 708 F.3d at 543 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  The facial plausibility standard requires pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).  The plausibility requirement imposes not a probability requirement but rather a mandate that a plaintiff "demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'"  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).  Accordingly, a complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement."  *Id.* (citing *Iqbal*, 556 U.S. at 679 and *Twombly*, 550 U.S. at 557).  The complaint must present "'enough fact to raise a

4

reasonable expectation that discovery will reveal evidence' of the alleged activity." *US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). Thus, in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must present sufficient non-conclusory factual allegations to support reasonable inferences of the plaintiff's entitlement to relief and the defendant's liability for the unlawful act or omission alleged. *See Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678-79 and *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969-70 (4th Cir. 1992) (en banc)).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertions' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted). Thus, the court "need not assume the veracity of 'bare legal conclusions.'" *Burnette*, 687 F.3d at 180 (citing *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011)). Thus, in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must present sufficient non-conclusory factual allegations to support reasonable inferences of the plaintiff's entitlement to relief and the defendant's liability for the unlawful act or omission alleged. See *Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678-79; *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969-70 (4th Cir. 1992) (en banc)).

A court must construe a *pro se* pleading liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**B.   Analysis**

The Court GRANTS Defendant County of Loudoun's Motion to Dismiss (Doc. 11) and GRANTS Defendants Metropolitan Washington Airports Authority, India Wilea Mitchell, and Paul John Solo's Motion to Dismiss (Doc. 14), because Plaintiff does not have a legally cognizable right

to compel government officials to arrest or prosecute another person; thus, Plaintiff's claim arising from the failure to arrest and prosecute the alleged assailant in the present case does not set forth a claim for which relief can be granted. Additionally, the Court GRANTS the motions because Defendants are entitled to qualified immunity as there are no clearly established constitutional rights violated and because Plaintiff fails to plead the existence of an official custom or policy that deprives him of the rights claimed.

1.   Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983 Because the Facts Alleged Do Not Give Rise Violations of Plaintiff's Rights Under the Constitution or Any Other Laws

First, the Court grants Defendants' motions because Plaintiff does not have a legally cognizable right to compel government officials to arrest or to prosecute a third party; therefore, Plaintiff has failed to state a claim under 42 U.S.C. §1983 upon which relief can be granted for Defendants' failure to arrest or pursue criminal charges against the alleged assailant in this case.

The Supreme Court has held that to state a claim under 42 U.S.C § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person actuating under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As stated above, Plaintiff complains of violations of his rights under the Fourth Amendment to be free from reasonable search and seizure,[1] and to Fourteenth Amendment to due process. Due process under the Fourteenth Amendment may be either procedural or substantive. *See Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). Under procedural due process, the deprivation of rights alleged "must be cognizable as protected liberty interests." *Id.* at 1463-64 *citing Logan v. Zimmerman Bruch Co.*, 455 U.S. 422 (1982). A

---

[1] Plaintiff's Complaint lacks any factual foundation whatsoever to support a claim for a violation of his Fourth Amendment rights, and thus, his Complaint against Defendants on these grounds is readily dismissed. In fact, the "unreasonable search and seizure" was allegedly committed by the TSA agent conducting the pat-down search, an individual not included as a defendant in this case.

court may find a substantive due process violations in cases that "shock the conscience" and those where an affirmative duty of protection arises. *See County of Sacramento v. Lewis*, 523 U.S. 833 (1998); *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189 (1989).   Plaintiff also alleges violations of his rights under a series Virginia statutes[2] on the same grounds.

Here, Plaintiff contends that Defendants are liable under § 1983 for their failure to arrest and pursue criminal charges against the alleged assailant. This claim fails under Rule 12(b)(6) because it is well established that there is no constitutional right to a government investigation or prosecution. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  As the Supreme Court explained, the "special status of criminal prosecution in our system prevents the establishment of a direct nexus between the vindication of victims' interests and enforcement of the government's criminal laws." *Id.*  The Fourth Circuit has held that a citizen, including the victim of a crime, cannot contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988);  *see also Smith v. McCarthy*, 349 F. App'x 851, 859 (4th Cir. 2009) (ruling there is "no right to criminal investigation or criminal prosecution of another"). Plaintiff's claim is based on his allegation the crime he reported was not properly investigated and prosecuted, but the Complaint fails to allege that Defendants deprived him of any judicially cognizable, constitutionally protected interest. Plaintiff alleged injury is exactly the type of claim that the Supreme Court's ruling in *Linda R.S. v. Richard D.* precludes. 410 U.S. at 619 ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") Furthermore, the Supreme Court has recognized that a benefit is not a protected entitlement if government officials may grant or deny it at their discretion. *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 756 (citing *Kentucky Dep't of Corrs. V. Thompson*, 490 U.S. 454, 462-63

---

[2] *See* Complaint, ¶; Va. Code Ann. §§ 19.2-82; 19.2-72; 19.2236; 19.2-76; 19.280.2 (2016).

(1989). "The benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protection under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Gonzales*, 545 U.S. at 768. The Fourth Circuit has further held that in the absence of allegations that criminal charges are being withheld solely for an illegally discriminatory reasons, a private citizen may not bring a suit under § 1983 based on the alleged failure of law enforcement or prosecuting authorities to charge or prosecute certain other private citizens criminally. *See Doe v. S.C. Dep't of Soc. Servs.*, 597 F.3d, 170-71 (4th Cir. 2010). Here, Plaintiff's alleges no facts upon which to base a claim that criminal charges were not brought for illegally discriminatory reasons.

Plaintiff's claim is likewise unsuccessful with regard to the Virginia statutes upon which he seeks to rely.

> Section 1983 . . . "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Hence, to establish liability under Section 1983, a plaintiff must show that the defendant, acting under the color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury.

*Brown v. Mitchell*, 308 F.Supp. 2d 682, 692 (E.D. Va. 2004) (internal citation omitted). Thus, the Virginia statutes cited by Plaintiff do not support a claim for relief under § 1983. Regardless, the Virginia statutes fail to support Plaintiff's claim because they do require Defendants to arrest or charge an individual under any circumstances.

For these reasons, Plaintiff's allegations concerning the "rights" Defendants violated amount to mere "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Vitol, S.A.*, 708 F.3d at 543. The facts alleged do not support a valid claim because Plaintiff does not have a protected right, under the Constitution or any other laws, to compel Defendants to arrest or charge an alleged assailant. Thus, Plaintiff's Complaint must be

8

dismissed under Rule 12(b)(6) because it fails to "state[] a plausible claim for relief." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

2.   Plaintiff's Claim Fails Because Defendants are Entitled to Qualified Immunity and Because Plaintiff Fails to Allege an Official Custom or Policy Denying his Constitutional Rights

Second, the Court dismisses Plaintiff's claim because Defendants are entitled to qualified immunity because there are no clearly established constitutional rights violated and because Plaintiff fails to plead the existence of an official custom or policy that deprives him of the rights claimed. As the Fourth Circuit has explained,

> Qualified immunity under 42 U.S.C. § 1983 shields officials from civil liability unless their actions violated clearly established statutory or constitutional rights of which a reasonable person would have known. The linchpin of qualified immunity is objective reasonableness. So long as the officer's actions, viewed from the prospective of the officer at the time, can be seen within the range of reasonableness, then no liability will attach.

*Pinder v. Johnson*, 54 F.3d 1169, 1173 (4th Cir. 1995). The Supreme Court has held that qualified immunity would be defeated if an official "[k]new or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the plaintiff." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Here, Plaintiff contends that Defendants Mitchell and Solo knew or should have known that their actions would deprive Plaintiff of his constitutional rights. (Doc. 53 at 13). However, this argument is unavailing because, as discussed above, there are no clearly established constitutional rights violated by Defendants because Plaintiff lacks a legally cognizable right to compel the government arrest or prosecute a third party. Accordingly, any argument that Defendants reasonably should have known that their decision to not arrest the alleged perpetrator and not to pursue criminal charges violated a constitutional right enjoyed by Plaintiff necessarily fails.

9

Additionally, Plaintiff fails to identify the existence of an official custom or policy that deprives him of his constitutional rights. The Supreme Court of Virginia has considered MWAA to be the equivalent of a municipality.[3] *See Gray v. Va. Sec. of Trans.*, 276 Va. 93 (2008) (holding that the MWAA should be treated like a municipality and was performing a governmental function for which it is immune). The Fourth Circuit has held that "to recover against a municipality in a 42 U.S.C. § 1983 claim, a plaintiff must show there exists an official policy or custom to deprive citizens of the constitutional rights, that the policy or custom is fairly attributable to the municipality, and that the policy or custom proximately caused the deprivation of plaintiff's constitutional rights." *Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994). An official policy may be found in written ordinances and regulations, affirmative decisions of policymaking officials, or omissions by policy making officials that manifest deliberate indifference to the rights of citizens. *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). Here, Plaintiff's Complaint is devoid of facts to allege that the supposed deprivation of his constitutional rights was done in accordance with any official custom or policy of the MWAA or the County of Loudoun; thus, dismissal of Plaintiff's Complaint on these grounds is also warranted.

### III. CONCLUSION

The Court GRANTS Defendant County of Loudoun's Motion to Dismiss (Doc. 11) and GRANTS Defendants Metropolitan Washington Airports Authority, India Wilea Mitchell, and Paul John Solo's Motion to Dismiss (Doc. 14), because Plaintiff does not have a legally cognizable right to compel government officials to arrest or prosecute another person; thus, Defendants claim arising from the failure to arrest and prosecute the alleged assailant in the present case does not set forth a

---

[3] The Fourth Circuit has also held that Counties are considered "persons" under § 1983. *See Randall v. Prince George Cnty. Md.*, 302 F.3d 188 (4th Cir. 2002); *see also Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658 (1978).

claim for which relief can be granted.   In addition, the Court GRANTS the motion because Defendants are entitled to qualified immunity as there are no clearly established constitutional rights violated and because Plaintiff fails to plead the existence of an official custom or policy that deprives him of the rights claimed.  For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant County of Loudoun's Motion to Dismiss (Doc. 11) is GRANTED with prejudice;

IT IS FURTHER ORDERED that Defendants Metropolitan Washington Airports Authority, India Wilea Mitchell, and Paul John Solo's Motion to Dismiss (Doc. 14) is GRANTED with prejudice.

IT IS SO ORDERED.

ENTERED this 1st day of September, 2016.

/s/ with permission of GBL
_____
**Gerald Bruce Lee**
**United States District Judge**

Alexandria, Virginia
09 / 1 / 2016

11